UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY LITTLEJOHN, ET AL.,

                Plaintiffs,

-against-

DEPUTY SHOULTZ, ET AL.,

                Defendants.

23-CV-4592 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Timothy Littlejohn, who is currently detained at the Cobb County Detention Center in Marietta, Georgia, brings this *pro se* action alleging that Defendants violated his rights.[1] Plaintiff styles this action as a class action and appears to be attempting to assert claims on behalf of other detainees.[2] (*See* ECF 1, at 3.) Plaintiff sues numerous correction officials and other employees of the Cobb County Detention Center, alleging that his rights were violated at that facility. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* and prisoner authorization with his complaint.

[2] As a *pro se* litigant, Plaintiff Littlejohn cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Plaintiff Littlejohn may not appear *pro se* on behalf of anyone else in this action.

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at the Cobb County Detention Center, which is located in Cobb County, Georgia. He states that Defendants are employed by the Cobb County Detention Center and "legally responsible" for its operation. (ECF 1, at 17.) He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred at the Cobb County Detention Center. Because Defendants are employed at Cobb County Detention Center and the alleged events occurred there, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Cobb County, Georgia, which is in the Norther District of Georgia. *See* 28 U.S.C. § 90(a). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge